## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BRADLEY JOSEPH LAWRENCE SAVOY**                    CIVIL ACTION

**VERSUS**                                                          No. 25-1178

**KENNER POLICE DEPARTMENT, ET AL.**              SECTION I

## ORDER AND REASONS

Before the Court is defendant City of Kenner's ("Kenner") motion[1] to dismiss plaintiff Bradley Joseph Lawrence Savoy's ("plaintiff") complaint[2] against Kenner pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not submitted a response to the motion and the deadline to file a timely response has passed.[3] For the reasons that follow, the Court grants Kenner's motion to dismiss.

## I.    BACKGROUND

The case arises out of an encounter between plaintiff and Kenner police officers.[4] Plaintiff alleges that on August 10, 2024, he suffered "a heat-related medical emergency while at the United States Post Office in Kenner, Louisiana."[5] He claims that he then engaged in a conversation with Kenner police officers, who detained and physically restrained plaintiff "despite [him] being neither under arrest nor

---

[1] R. Doc. No. 11.
[2] R. Doc. No. 1.
[3] Kenner's motion to dismiss was submitted for decision before this Court on September 24, 2025. R. Doc. 11-2. Pursuant to Local Rule 7.5, a party opposing a motion must file a response in opposition "no later than eight days before the noticed submission date." Accordingly, the deadline for plaintiff to file a timely response was September 16, 2025.
[4] *Id.* ¶¶ 10–19.
[5] *Id.* ¶ 10.

exhibiting violent or criminal behavior."[6] Plaintiff claims that emergency medical personnel arrived at the scene, but failed to treat plaintiff's heat-related condition, instead treating him as a "combative subject."[7]

Plaintiff alleges that he was then taken to Ochsner Medical Center, where he "was forcibly injected with a psychotropic sedative commonly used for behavioral control—without a court order, informed consent, or medical emergency," despite the fact that he explicitly refused to accept any psychiatric medication.[8] Plaintiff further alleges that he was then involuntarily transferred to Beacon Behavioral Hospital "without any judicial commitment process, mental health evaluation, or valid consent."[9] According to plaintiff's complaint, at no time was he arrested, charged with a crime, read his Miranda rights, or subjected to a civil commitment proceeding.[10]

Plaintiff has filed a complaint "pursuant to 42 U.S.C. § 1983," alleging excessive force, deliberate indifference to medical needs, forced injection without consent, and false imprisonment.[11] Plaintiff named Kenner, Kenner Police Department, Ochsner Medical Center, Beacon Behavioral Hospital, and Kenner Emergency Medical Services as defendants.[12]

---

[6] *Id.* ¶ 13.
[7] *Id.* ¶ 14.
[8] *Id.* ¶¶ 15–16.
[9] *Id.* ¶ 17.
[10] *Id.* ¶ 18.
[11] *Id.*
[12] *Id.*

Kenner subsequently filed its motion to dismiss[13] pursuant to Rule 12(b)(6), asserting that plaintiff has failed to state a claim upon which relief can be granted, and that the Kenner Police Department and Kenner Emergency Medical Services cannot be sued because they are not legal entities.

Neither Kenner Police Department nor Kenner Emergency Medical Services filed an answer within the time required by Federal Rule of Civil Procedure 12, and plaintiff has not moved for an entry of default pursuant to Federal Rule of Civil Procedure 55(a) as to either defendant.[14] Accordingly, on September 30, 2025, this Court ordered[15] plaintiff to show cause why defendants Kenner Police Department and Kenner Emergency Medical Services should not be dismissed. In that order, the Court advised that "[t]he defendants listed will be dismissed upon failure of the plaintiff to report the status thereof or in the absence of good cause shown why the defendants should remain on the docket."[16] Plaintiff did not appear at the hearing.[17] Consequently, the Court dismissed defendants Kenner Police Department and Kenner Emergency Medical Services.[18]

While plaintiff's complaint states four claims against five defendants, only one of those claims is asserted against Kenner. Plaintiff's argument that Kenner is liable for his excessive force claim pursuant to *Monell v. Dep't of Soc. Servs. of N.Y.*, 436

---

[13] R. Doc. No. 11.
[14] R. Doc. No. 25.
[15] *Id.*
[16] *Id.*
[17] R. Doc. No. 28.
[18] *Id.*

U.S. 658 (1978) is the only claim asserted against Kenner.[19] Kenner argues that plaintiff's claims should be dismissed because it cannot be held liable pursuant to title 28, United States Code, section 1983 on a theory of *respondeat superior* and plaintiff has failed to state a claim against Kenner pursuant to *Monell*.[20]

## II. STANDARD OF LAW

### a. Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows defendants to move for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's complaint must meet the requirement in Rule 8(a)(2) that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Wampler v. Sw. Bell Tel. Co.*, 597 F.3d 741, 744 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While this short and plain statement does not require detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation modified). "The plausibility standard is not akin to a probability requirement, but it

---

[19] R. Doc. No. 1 ¶¶ 20–22.
[20] R. Doc. No. 11-1 at 3.

asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation modified).

The face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation modified). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Pub. Emps. Ret. Sys. of Miss. v. Amedisys, Inc.*, 769 F.3d 313, 320 (5th Cir. 2014).

When considering a motion to dismiss, a court views the complaint "in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). In the case of a *pro se* plaintiff, courts "hold *pro se* plaintiffs to a more lenient standard than lawyers when analyzing complaints." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

A court must limit its review to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

**b.  § 1983 Claim**

A city may not be held liable pursuant to 28 U.S.C. § 1983 on the theory of *respondeat superior*. *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (citing *Monell*, 436 U.S. at 694). And a municipality is "almost never liable for an isolated unconstitutional act on the part of an employee." *Hutcheson v. Dall. Cnty, Tex.*, 994 F.3d 477, 482 (5th Cir. 2021). Instead, a municipality may only be held liable pursuant to § 1983 "for acts directly attributable to it 'through some official action or imprimatur.'" *Id.* (quoting *Piotrowski v. City of Hou.*, 237 F.3d 567, 578 (5th Cir. 2001). "To establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.'" *Id.* (quoting *Monell*, 436 U.S. at 691).

"A failure-to-train action is a type of *Monell* claim." *Henderson v. Harris Cnty., Tex.*, 51 F.4th 125, 130 (5th Cir. 2022) (quoting *Hutcheson*, 994 F.3d at 482). "To establish *Monell* liability on a failure-to-train theory, a plaintiff must prove that: '(1) the city failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights.'" *Id.* (quoting *Hutcheson*, 994 F.3d at 482). In the context of a Rule 12(b)(6) motion, a plaintiff "must plausibly allege each element" of the failure-to-train claim. *Id.* at 131. "In failure-to-train cases, 'defects in a particular training program must be specifically alleged.'" *Hutcheson*, 994 F.3d at 482 (quoting *Quinn v. Guerrero*, 863 F.3d 353, 365 (5th Cir. 2017)).

### III.    ANALYSIS

Plaintiff alleges in his complaint that Kenner "is liable under *Monell* . . . for failing to train and supervise officers in responding to medical crises without resorting to unconstitutional force."[21] However, "to get past the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitution violation cannot be conclusory; it must contain specific facts.'" *Henderson*, 51 F.4th at 130 (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018). Even when liberally construing plaintiff's *pro se* complaint and accepting plaintiff's factual allegations as true, plaintiff has failed to adequately state factual allegations that create a plausible inference that Kenner is liable pursuant to *Monell*.[22] Plaintiff "must plausibly allege each element," but he fails to sufficiently allege any of the three. *Id.* at 131.

---

[21] R. Doc. No. 1 ¶ 22.

[22] *See* R. Doc. No. 1 ¶¶ 10–22. Plaintiff specifically states that Kenner is liable pursuant to *Monell* on a failure-to-train claim. *Id.* ¶ 22. While this Court liberally construes plaintiff's *pro se* complaint, it declines to address whether Kenner would be liable under a theory of *Monell* liability that plaintiff does not allege in the complaint, i.e., whether plaintiff was deprived of a federally protected right by an action taken pursuant to an official policy. *See Kumar v. Panera Bread Co.*, 2024 WL 1216562 (5th Cir. Mar. 21, 2024) ("Pro se complaints are held to less stringent standards than formal pleadings draft by lawyers. Nevertheless, they must set forth facts giving rise to a claim on which relief may be granted.") (internal quotations omitted). However, the Court notes that plaintiff would be unlikely to succeed pursuing this theory of *Monell* liability because he has made no allegations regarding any official policies of Kenner or its police department. *See* R. Doc. No. 1; *Hutcheson*, 994 F.3d at 482 ("To establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.'") (quoting *Monell*, 436 U.S. at 691).

Plaintiff only makes three factual allegations regarding Kenner police officers.[23] First, plaintiff alleges that he "engaged in a non-violent conversation with Kenner [p]olice officers, asserting that jurisdiction over the property lay with the U.S. Postal Police."[24] Second, he claims that "officers from the Kenner Police Department fabricated their report and falsely stated that the incident occurred at a bank, not the post office, misleading subsequent medical providers."[25] Finally, plaintiff asserts that he "was then unlawfully detained and physically restrained by Kenner Police despite being neither under arrest nor exhibiting violent or criminal behavior."[26]

Regarding the first element of plaintiff's failure-to-train claim, plaintiff's conclusory allegation that he was unlawfully detained and his allegations that he engaged in a conversation with police officers who fabricated their report and physically restrained him do not support a plausible inference that Kenner failed to train or supervise its police officers with respect to the reasonable use of force when responding to emergency medical situations. *See id.* at 130.

Plaintiff makes no factual allegations regarding the training, or lack thereof, received by Kenner police officers.[27] Plaintiff does not allege that Kenner does not train its police officers with respect to how to constitutionally respond to emergency medical response.[28] Nor has plaintiff claimed that any training the officers did receive

---

[23] *Id.*

[24] *Id.* ¶ 11.

[25] *Id.* ¶ 12.

[26] *Id.* ¶ 13.

[27] *Id.*

[28] *Id.*

was insufficient or that the officers were unsupervised.[29] Even when liberally construing plaintiff's *pro se* complaint, the complaint does not support the inference that the police officers were not trained to respond to medical emergencies without resorting to unconstitutional force.[30]

Plaintiff has also failed to allege that there is a causal connection between the alleged failure to train Kenner police officers and the alleged violation of his rights. *See Henderson*, 51 F.4th at 131. Plaintiff has not made any factual allegations as to whether police officers followed or did not follow any training or policies regarding emergency medical response.[31] *See id.* Plaintiff does not allege that any training (or any additional training) given to Kenner police officers would have changed the circumstances of his encounter with law enforcement.[32] Even liberally construing plaintiff's *pro se* complaint, the complaint does not state any allegations giving rise to a plausible inference that there is a causal connection between the alleged failure to train and the alleged constitutional violation.[33] *See id.*

Additionally, plaintiff has failed to allege that Kenner's failure to train "constituted deliberate indifference to [] plaintiff's constitutional rights." *Id.* at 482 (quoting *Peña*, 879 F.3d at 623). "To show deliberate indifference, a plaintiff normally must allege a 'pattern of similar constitutional violations by untrained employees.'" *Id.* at 482 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). "But where a

---

[29] *Id.*

[30] *See id.*

[31] *See id.*

[32] *See id.*

[33] *See id.*

plaintiff does not allege such a pattern, it is still possible to establish deliberate indifference through the single-incident exception." *Id.* However, "the single-incident exception is 'extremely narrow.'" *Id.* (quoting *Valle v. City of Hou.*, 613 F.3d 536, 549 (5th Cir. 2010)). "The 'plaintiff must prove that the highly predictable consequences of a failure to train would result in the specific injury suffered.'" *Id.* at 482 (quoting *Valle*, 613 F.3d at 549). "For a violation to be 'highly predictable,' the municipality 'must have failed to train its employees concerning a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face.'" *Id.* at 482–83 (quoting *Littell v. Hou. Indep. Sch. Dist.*, 894 F.3d 616, 623–24 (5th Cir. 2018)). Deliberate indifference based on a single incident "is generally reserved for those cases in which the government actor was provided *no training whatsoever*." *Id.* at 483 (quoting *Peña*, 879 F.3d at 624).

Plaintiff has not alleged a "pattern of similar constitutional violations by untrained employees," and he must, therefore, rely on the single-incident exception. *Id.* at 482. However, plaintiff fails to meet the requirements of the single-incident exception because he has not alleged that Kenner "failed to train its employees concerning a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face." *See id.* at 482–83 (emphasis added). Furthermore, plaintiff has not alleged that any failure of Kenner to train its employees would cause his alleged injury to be a "highly predictable consequence" of a failure to train.[34] *Id.*

---

[34] *Id.*

While the Court liberally construes plaintiff's *pro se* complaint, it is clear that plaintiff has not sufficiently alleged facts that would support an inference that any element of a failure-to-train claim is met. *Id.* at 130–32.

Accordingly,

**IT IS ORDERED** that Kenner's unopposed motion to dismiss is **GRANTED**. Plaintiff's claims against Kenner are hereby **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, October 23, 2025.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

11