**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRADLEY JOSEPH LAWRENCE SAVOY** | **CIVIL ACTION** |
| **VERSUS** | **No. 25-1178** |
| **KENNER POLICE DEPARTMENT, ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is defendant Ochsner Medical Center – Kenner's ("Ochsner") motion[1] to dismiss plaintiff Bradley Joseph Lawrence Savoy's ("plaintiff") complaint[2] against Oschner pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6). Plaintiff has not submitted a response to the motion and the deadline to file a timely response has passed.[3] For the reasons that follow, the Court grants Oschner's motion to dismiss.

## I.   BACKGROUND

Thia case arises out of an encounter between plaintiff and Kenner police officers.[4] Plaintiff alleges that on August 10, 2024, he suffered "a heat-related medical emergency while at the United States Post Office in Kenner, Louisiana."[5] He claims that he then engaged in a conversation with Kenner police officers, who detained and

---

[1] R. Doc. No. 23.
[2] R. Doc. No. 1.
[3] Ochsner's motion to dismiss was submitted for decision before this Court on October 22, 2025. R. Doc. 23-4. Pursuant to Local Rule 7.5, a party opposing a motion must file a response in opposition "no later than eight days before the noticed submission date." Accordingly, the deadline for plaintiff to file a timely response was October 14, 2025.
[4] R. Doc. No. 1 ¶¶ 10–19.
[5] *Id.* ¶ 10.

physically restrained plaintiff "despite [him] being neither under arrest nor exhibiting violent or criminal behavior."[6] Plaintiff claims that emergency medical personnel arrived at the scene, but failed to treat plaintiff's heat-related condition, instead treating him as a "combative subject."[7]

Plaintiff alleges that he was then taken to Ochsner, where he "was forcibly injected with a psychotropic sedative commonly used for behavioral control—without a court order, informed consent, or medical emergency," despite the fact that he explicitly refused to accept any psychiatric medication.[8] Plaintiff further alleges that he was then involuntarily transferred to Beacon Behavioral Hospital "without any judicial commitment process, mental health evaluation, or valid consent."[9] According to plaintiff's complaint, at no time was he arrested, charged with a crime, read his *Miranda* rights, or subjected to a civil commitment proceeding.[10]

Plaintiff has filed a complaint "pursuant to 42 U.S.C. § 1983," alleging excessive force, deliberate indifference to medical needs, forced injection without consent, and false imprisonment.[11] Plaintiff named as defendants the City of Kenner, Kenner Police Department, Ochsner, Beacon Behavioral Hospital, and Kenner Emergency Medical Services.[12]

---

[6] *Id.* ¶ 13.
[7] *Id.* ¶ 14.
[8] *Id.* ¶¶ 15–16.
[9] *Id.* ¶ 17.
[10] *Id.* ¶ 18.
[11] *Id.*
[12] *Id.*

The City of Kenner subsequently filed its motion to dismiss[13] pursuant to Rule 12(b)(6), asserting that plaintiff has failed to state a claim upon which relief can be granted, and that the Kenner Police Department and Kenner Emergency Medical Services cannot be sued because they are not legal entities. The Court granted the City of Kenner's motion on October 24, 2025, and dismissed plaintiff's claims against the City.[14]

Neither the Kenner Police Department nor Kenner Emergency Medical Services filed an answer within the time required by Federal Rule of Civil Procedure 12, and plaintiff failed to move for an entry of default pursuant to Federal Rule of Civil Procedure 55(a) as to either defendant.[15] Accordingly, on September 30, 2025, this Court ordered[16] plaintiff to show cause why defendants Kenner Police Department and Kenner Emergency Medical Services should not be dismissed. In that order, the Court advised that "[t]he defendants listed will be dismissed upon failure of the plaintiff to report the status thereof or in the absence of good cause shown why the defendants should remain on the docket."[17] Plaintiff did not appear at the hearing.[18] Consequently, the Court dismissed defendants Kenner Police Department and Kenner Emergency Medical Services.[19]

---

[13] R. Doc. No. 11.
[14] R. Doc. No. 29.
[15] R. Doc. No. 25.
[16] *Id.*
[17] *Id.*
[18] R. Doc. No. 28.
[19] *Id.*

Plaintiff's complaint states four claims against five defendants, and three of those claims are asserted against Ochsner. First, plaintiff asserts a claim for "deliberate indifference to medical needs," arguing that "defendants acted with deliberate indifference to [p]laintiff's serious medical needs by failing to recognize and treat symptoms of heat exhaustion, in violation of the Fourteenth Amendment."[20] Second, plaintiff alleges that Ochsner "violated [p]laintiff's substantive due process rights under the Fourteenth Amendment" by injecting him with psychotropic medication without his consent.[21] Plaintiff also claims that Ochsner is liable for false imprisonment because it "unlawfully transported and confined [p]laintiff in a mental health facility without lawful process or justification."[22]

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(4) allows a defendant to file a motion for dismissal for "insufficient process." "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." *Baton Rouge Total Care Ctr. v. Regency 14333*, No. 14-168, 2014 WL 5794995, at *1 (M.D. La. Nov. 6, 2014) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed.)). "Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Id.* "Conversely, a 'Rule 12(b)(5) motion is the proper vehicle for

---

[20] R. Doc. No. 1 ¶ 23.
[21] *Id.* ¶ 25.
[22] *Id.* ¶ 26.

challenging the mode of delivery or the lack of delivery of the summons and complaint.'" *Id.* (quoting Wright & Miller, § 1353); *see also Raburn v. Dae Woo, Inc.*, No. 09-1172, 2010 WL 743933, at *1 (N.D. Tex. Mar. 3, 2010) ("A 12(b)(5) motion to dismiss poses a challenge to the manner or method or service attempted by the plaintiff rather than the form or content of the summons.").

Federal Rule of Civil Procedure 12(b)(5) provides that an action may be dismissed for "insufficient service of process." Rule 12(b)(5) allows "dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Worley v. Louisiana*, No. 10-3313, 2012 WL 218992, at *2 (E.D. La. Jan. 25, 2012) (Africk, J.) (quoting *Wallace v. St. Charles Sch. Bd.*, No. 04-1376, 2005 WL 1155770, at *1 (E.D. La. May 5, 2005) (Duval, J.)). Absent proper service of process, the court cannot exercise jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause" for failing properly to effect service. *Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir. 2013) (quoting *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam)). "[T]he district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *Hawkins v. Potter*, 234 F.App'x 188, 189 (5th Cir. 2007) (quoting *George v. U.S. Dep't of Lab., Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986) (per curiam).

Rule 4(c)(1) provides that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." To serve "a domestic or foreign corporation, or a partnership or other unincorporated association" in a judicial district of the United States, Rule 4(h) requires that the organization must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing[23] or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h). To serve an individual pursuant to Rule 4(e)(1), the plaintiff must "follow[] state law for serving a summons . . . in the state where the district court is located or where service is made."

To properly serve a limited liability company pursuant to Louisiana law, the plaintiff must serve the "citation or other process . . . by personal service on any one of its agents for service of process."[24] LA. CODE CIV. P. art. 1266(A). An "agent"

---

[23] A managing agent is someone who exerts significant managerial authority within the corporation and is a "responsible party in charge of any substantial phase" of a corporation. *Ganpat v. E. Pac. Shipping, PTE. Ltd.* 434 F.Supp.3d 441, 458–59 (E.D. La. 2020) (Morgan, J.) (quoting *Duncan v. City of Hammond,* No. 08-5043, 2009 WL 10680059, at *1 (E.D. La. Mar. 31, 2009) (Vance, J.) (holding that an individual is not a managing agent when they cannot bind the corporation in a contract, hire or fire employees, or exercise executive responsibilities on behalf of the corporation)) A "managing agent" cannot be someone who is only involved in one aspect of the defendant's business. *Id.* at 460.

[24] Ochsner fails to affirmatively assert that it is a limited liability company. Ochsner applies federal and state laws for service of process on a corporation in its motion to dismiss. However, because Ochsner, as defined herein on page 1 of this order and reasons, is registered as a limited liability company with the Louisiana Secretary of State, its only officer is listed as "Pete November," and its only registered agent for

authorized to receive service of process refers who a party who has been designated by an organization to receive process on its behalf. *See T.D. Auto Fin., LLC v. Higgs*, 417 So.3d 790, 793–94 (La. Ct. App. 2025) ("Louisiana law prescribes that, if the LLC has a designated agent for service of process, the LLC can be properly served by personal service on any one of its agents designated for service of process.").

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). "To establish good cause, a plaintiff bears the burden of demonstrating 'at least as much as would be required to show excusable neglect.'" *Sims v. Landrieu Concrete & Cement Indus. LLC*, No. 18-9932, 2020 WL 2617867, at *2 (E.D. La. May 24, 2020) (Milazzo, J.) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters*, 776 F.2d at 1306).

---

service of process is listed as "CT Corporation," the Court will take judicial notice of these facts. *Thomas v. New Leaders for New Schools*, 278 F.R.D. 347, 349 n. 5 (E.D. La. 2011) (Africk, J.) (taking judicial notice of an organization's registration on the Louisiana Secretary of State's website to decide a motion to dismiss for improper service of process); Fed. R. Evid. 201(c); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.") (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). The Court held a telephone status conference with counsel for Ochsner on November 3, 2025, during which counsel for Ochsner confirmed the fact that Ochsner is an LLC for present purposes.

7

### III.   ANALYSIS

At the outset, the Court finds that defendant's Rule 12(b)(4) motion is better construed as a motion pursuant to Rule 12(b)(5). *See Baton Rouge Total Care Ctr.*, 2014 WL 5794995, at *1. This is because defendant does not challenge the form of the process and does not argue that plaintiff failed to comply with Rule 4(b).[25] *See id.* Instead, plaintiff challenges "the mode of delivery or the lack of delivery of the summons and complaint," for which Rule 12(b)(5) is the "proper vehicle." *Id.*; *see also Raburn*, 2010 WL 743933, at *1. Accordingly, the Court will evaluate defendant's arguments regarding service of process pursuant to Rule 12(b)(5).

The record shows that service was made on "Judy Dilbert."[26] Judy Dilbert is not Ochsner's registered agent for service of process.[27] Ochsner's registered agent for service of process is CT Corporation.[28] Nor is Judy Dilbert listed as a managing agent or an officer of Ochsner.[29] *Cf. Ganpat*, 434 F.Supp.3d at 458–61; *Benson v. Fam. Health Ctr.*, 339 F.App'x 486, 487–88 (5th Cir. 2009) (holding that service of process upon an individual who was not a corporate officer and did not maintain significant managerial authority within the corporation did not satisfy the requirement that plaintiff serve an officer, managing agent, or authorized agent of the corporation and service of process was therefore insufficient).

---

[25] *See generally* R. Doc. No. 23-1.
[26] *Id.*
[27] R. Doc. No. 23 at 5.
[28] *Id.*
[29] *Id.*

8

As stated, Ochsner is a limited liability company incorporated under the laws of the State of Louisiana. Therefore, to properly serve Ochsner with process under federal law, plaintiff was required to serve Ochsner through its registered agent for service of process, CT Corporation, its corporate officer Pete November, or a managing agent of Ochsner—someone with the power to exercise executive authority on behalf of Ochsner.[30] FED. R. CIV. P. 4(h); *see Ganpat*, 434 F.Supp.3d at 458–61. Plaintiff has provided no evidence that Judy Dilbert meets any of these criteria.[31] To properly serve Ochsner with process pursuant to Louisiana law, plaintiff was required to serve CT Corporation, Ochsner's designated agent for service of process.[32] LA. CODE CIV. P. art. 1266(A). Plaintiff failed to do so.[33]

By failing to file a response to Ochsner's motion to dismiss, plaintiff has failed to show "good cause" that would excuse his failure to properly serve process upon Ochsner. FED. R. CIV. P. 4(m); *see also Sims*, 2020 WL 2617867, at *2. Plaintiff's claims against Ochsner, therefore, are appropriately dismissed without prejudice pursuant to Rule 12(b)(5).[34]

Accordingly,

---

[30] *Id.* at 5.
[31] *See generally* R. Doc. No. 1.
[32] R. Doc. No. 23 at 5.
[33] R. Doc. No. 9 at 1.
[34] Because the Court finds that dismissal of plaintiff's claims pursuant to Rule 12(b)(5) is appropriate, the Court will not address defendant's arguments for dismissal pursuant to Rule 12(b)(6).

**IT IS ORDERED** that Ochsner's unopposed motion[35] to dismiss is **GRANTED**. Plaintiff's claims against Ochsner are hereby **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, November 3, 2025.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[35] R. Doc. No. 23.